# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JEFFREY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON, LLC, a Washington limited liability company; and DOES 1-20,<br><br>Defendants. | No. 2:24-CV-00425<br><br>**NOTICE OF REMOVAL** |

**TO:   THE CLERK AND HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Les Schwab Tire Centers of Washington, LLC ("Les Schwab") removes this action to this Court from the Superior Court of the State of Washington for King County, filed as Case No. 24-2-05117-1 SEA. In support of this Notice of Removal, Les Schwab states:

## I.   STATE COURT ACTION

1. On March 7, 2024, Plaintiff Jeffrey Hill ("Plaintiff") commenced this action by filing a Class Action Complaint in the Superior Court of the State of Washington for King County, where it was assigned Case No. 24-2-05117-1 SEA ("State Court Action"). *See* Declaration of Charles N. Eberhardt in Support of Notice of Removal ("Eberhardt Decl.") at Ex. A ("Complaint").

NOTICE OF REMOVAL – 1
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

2.  With this Notice, Les Schwab files a true and correct copy of all process, pleadings, and orders either served on Les Schwab or filed in the State Court Action. *Id*. at Exs. A-F.

3.  According to Plaintiff's Declaration of Service, Plaintiff served a copy of the Summons, Complaint, Order Setting Civil Case Schedule, and Case Information Cover Sheet and Area Designation on Les Schwab on March 8, 2024. *Id*. at Ex. E.

4.  Les Schwab files this Notice of Removal on March 28, 2024, with is within the 30-day period following its receipt of the Summons and Complaint. *Id*. at ¶3.

5.  Les Schwab has not voluntarily invoked or submitted to the jurisdiction of the Superior Court of the State of Washington for the County of King related to the above-captioned matter. *Id*. No further proceedings have been had in the state court as of the date of this Notice. *Id*. at ¶4.

## II.  PLAINTIFF'S CLASS ACTION ALLEGATIONS

6.  Plaintiff purports to bring this action as a putative class action. Complaint at ¶20. Plaintiff seeks to represent "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with Defendant, where the job posting did not disclose the wage scale or salary range for the position." *Id*.

7.  Plaintiff asserts one claim against Les Schwab under the Equal Pay and Opportunities Act ("EPOA") for a purported violation of Wash. Rev. Code § 49.58.110. *Id.* at ¶¶28-32. Specifically, Plaintiff alleges that "[he] and the Class applied for job openings with the Defendant where the postings did not disclose the wage scale or salary range being offered." *Id.* at ¶30. Plaintiff alleges that all of Les Schwab's postings were deficient: "Defendant did not disclose the wage scale or salary range being offered in its job postings seeking Washington workers." *Id.* at ¶29.

8.  Plaintiff seeks $5,000 in statutory damages for each putative class member. *Id.* at ¶34. He also seeks his attorneys' fees and costs. *Id.* at ¶35.

## III.  GROUNDS FOR REMOVAL

9.  Les Schwab removes this matter based on: (A) 28 U.S.C. § 1332(d), the Class

NOTICE OF REMOVAL – 2
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

Action Fairness Act of 2005 ("CAFA"); and (B) 28 U.S.C. § 1332(a), diversity jurisdiction.

### A. CAFA Jurisdiction

10. Under CAFA, a defendant may remove a putative class action if: (1) there are at least 100 putative class members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) there is minimal diversity of citizenship. *See* 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)(B).

11. Les Schwab denies Plaintiff's factual allegations and further denies that Plaintiff, or the class he purports to represent, is entitled to the requested damages. Les Schwab opposes class certification and the merits of Plaintiff's claim. For removal purposes, however, Plaintiff's allegations establish CAFA jurisdiction.

#### 1. There Are at Least 100 Putative Class Members

12. Plaintiff alleges that Les Schwab did not disclose the wage scale or salary range in its job postings. Complaint at ¶29. From these allegedly deficient job postings, Les Schwab received in excess of 1,000 job submissions between January 2, 2023, and February 28, 2024. Declaration of Bethany Graham in Support of Notice of Removal ("Graham Decl.") at ¶5. Les Schwab, therefore, satisfies CAFA's requirement to establish more than 100 putative class members.

#### 2. The Aggregate Amount in Controversy Exceeds $5 Million

13. To remove under CAFA, a removing party may aggregate the claims of the putative class to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). The removing party bears the burden to establish the amount in controversy; there is no presumption against removal for cases removed under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (explaining there is "no antiremoval presumption" in CAFA cases; Congress enacted CAFA to expand access to federal court); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount

NOTICE OF REMOVAL – 3
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

1  in controversy exceeds $5 million when federal jurisdiction is challenged.").

2  14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 574 U.S. at 89. A removing party may rely on reasonable assumptions. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[A] removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotations and citations omitted).

15. Here, Plaintiff's first cause of action is based on the assumption that Les Schwab did not disclose the wage scale or salary range in its job postings seeking Washington workers since January 1, 2023. Complaint at ¶29. For each person applying to the allegedly deficient job posting, Plaintiff seeks $5,000 in statutory damages. *Id.* at ¶34.

16. Les Schwab received more than 1,000 job submissions between January 1, 2023, and February 28, 2024, for Washington State job postings. Graham Decl. at ¶5. Accordingly, Plaintiff puts at least $5,000,000 in controversy (1,001 x $5,000 = $5,005,000).

17. Plaintiff also requests an attorneys' fees award. Complaint at ¶35. Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). For purposes of removal, the Ninth Circuit has held that a 25% recovery is the "benchmark" level for reasonable attorneys' fees in class action cases. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), *overruled in irrelevant part by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

18. Plaintiff's request for attorneys' fees, therefore, places an additional $1,251,250 in controversy (25% of $5,005,000). Complaint at ¶35.

19. Overall, Plaintiff places more than $5,000,000 in controversy, and Les Schwab satisfies CAFA's amount-in-controversy requirement.

### 3. There is Minimal Diversity

20. CAFA requires the removing party to show that one putative class member is a

NOTICE OF REMOVAL – 4
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

citizen of a different state than one defendant. *See* 28 U.S.C. § 1332(d)(2)(A); *see also United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that CAFA broadens diversity jurisdiction for class actions by requiring only minimal diversity).

21. Although Plaintiff has only specifically identified and served Les Schwab Tire Centers of Washington, LLC, the Complaint is also directed to 20 unnamed "Doe" defendants. *See generally* Eberhardt Decl. at Ex. A, ¶10. One such "Doe" defendant is presumably Les Schwab Warehouse Center, LLC, which provides administrative services support, including Human Resources and recruiting services, to Les Schwab. Graham Decl.") at ¶2.

22. <u>Les Schwab's CAFA Citizenship.</u> Under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). An entity's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

23. Here, Les Schwab Tire Centers of Washington, LLC is a limited liability company formed under the laws of the State of Washington with its principal place of business in the State of Oregon. Graham Decl. at ¶¶2, 3(a). Les Schwab Warehouse Center, LLC is a limited liability company formed under the laws of the State of Oregon with its principal place of business in the State of Oregon. *Id*. ¶3(b). Hence, for CAFA jurisdiction purposes, Les Schwab Tire Centers of Washington, LLC is a citizen of Washington and Oregon and Les Schwab Warehouse Center, LLC is a citizen of Oregon.

24. <u>Diverse Citizenship of a Putative Class Member.</u> A person's citizenship is determined by their domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is their permanent home where they intend to remain or return. *Id*. A person's residence is prima facie evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

25. Here, Les Schwab received job submissions for Washington State positions from

NOTICE OF REMOVAL – 5
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

persons residing in at least 15 states, including Oregon, Utah, Idaho, Colorado, Oklahoma, California, New York, Michigan, Texas, Montana, North Carolina, Florida, Illinois, Nebraska, and Washington. Graham Decl. at ¶5.

26. Therefore, at least one member of the putative class is a citizen of a different state from Les Schwab Tire Centers of Washington, LLC and at least one member of the putative class is a citizen of a different state from Les Schwab Warehouse Center, LLC. As a result, diversity jurisdiction exists under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

### B.   Diversity Jurisdiction

#### 1.   Citizenship

27. <u>Plaintiff's Citizenship</u>. Plaintiff alleged that he resides in Skagit County, Washington. Complaint at ¶8.

28. <u>Defendant's Citizenship</u>. Section 1332(d)(10)'s rule on the citizenship of unincorporated associations only applies to CAFA jurisdiction; for simple diversity jurisdiction, courts disregard a limited liability company's state of organization for purposes of assessing diversity jurisdiction. *See, e.g., Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 59 (7th Cir. 1996) ("There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships."); *Penetrante v. Jaguar Land Rover NA, LLC,* Case No. CV-16-2952-MWF (GJS), 2016 WL 3457153 (C.D. Ca. June 24, 2016) ("As a limited liability company, Defendant's principal place of business or formation under Delaware law is irrelevant for purposes of diversity jurisdiction."); *TPS Uticom Services, Inc. v. AT&T Corp.,* 223 F. Supp.2d 1089, 1102 (N.D. Ca. 2002) ("[T]he place of organization of an L.L.C. is not relevant to its citizenship for diversity purposes."); *Buschman v. Anesthesia Business Consultants LLC,* 42 F. Supp.3d 1244, 1248 (N.D. Cal. 2014) (for purposes of diversity jurisdiction, "[a]n LLC's principal place of business [or] state of organization is irrelevant"). For purpose of simple diversity under Section 1332(a), a limited liability company is

NOTICE OF REMOVAL – 6
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

a citizen of every state that its members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

29. In this case, the Les Schwab Tire Centers of Washington, LLC and Les Schwab Warehouse, LLC are owned by Les Schwab Group Holdings, LLC, which is owned by two members, all of whom are, or are owned by, individuals or entities and none of whom are citizens of the State of Washington. Graham Decl. at ¶3(c).

30. Accordingly, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### 2. Amount in Controversy

31. Under 28 U.S.C. § 1332(a), the amount in controversy exceeds $75,000. By the statements contained in this Notice of Removal, Les Schwab does not concede that Plaintiff is entitled to any damages.

32. The amount in controversy is the "estimate of the entire potential amount at stake in the litigation." *Jauregui v. Roadrunner Transp. Servs., Inc.,* 28 F.4th 989, 994 (9th Cir. 2022) (emphasis omitted). It includes "any result of the litigation, excluding interests and costs, that entails a payment by the defendant." *Gonzales v. CarMax Auto Superstores, LLC,* 840 F.3d 644, 648 (9th Cir. 2016).

33. <u>Statutory Damages.</u> Plaintiff seeks $5,000 in statutory damages. *Id.* at ¶34.

34. <u>Attorneys' Fees.</u> Future attorneys' fees may be included in the amount in controversy. *See Chavez v. JPMorgan Chase & Co.,* 888 F.3d 413 (9th Cir. 2018). To meet its burden of establishing the amount in controversy by a preponderance of the evidence, *see Fritsch v. Swift Transportation Co. of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018), the removing party may estimate "anticipated but unaccrued" attorneys' fees at the time of removal. *Gonzales,* 840 F.3d at 649 n.2. To do so, a removing party may estimate plaintiff's counsel's potential recovery, *e.g.,* billing rate and the amount of time required by the case. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. MDL 2672 CRB (JSC), 2019 WL 957578, at *7-8

NOTICE OF REMOVAL – 7
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

(N.D. Cal. Feb. 27, 2019) (citing *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000)). "The amount of fees commonly incurred in similar litigation can usually be reasonably estimated based on experience." *Adkins v. J.B. Hunt Transp., Inc.,* 293 F. Supp. 3d 1140, 1147 (E.D. Cal. 2018) (quotation omitted).

35. In this case, Plaintiff seeks recovery of his attorneys' fees. Complaint at ¶35. Based on experience with Plaintiff's counsel in similar class action litigation, Plaintiff's counsel is likely to seek an attorneys' fee award in excess of $75,000. Plaintiff's counsel has recovered fees in excess of $75,000 in other class actions. *See* Nelson Decl. at Ex. A (approving class action fee award to Emery Reddy, PLLC of $138,600); *see also id.* at Exs. B-D (approving class action fee awards to Emery Reddy, PLLC of $204,848.83, $270,000, and $85,000). The Emery Reddy law firm recently sought preliminary approval of a $1,121,000 fee award in an EPOA class action. *Id.* at Ex. E.

36. Les Schwab's inclusion of the attorneys' fees in calculating the amount in controversy is supported by a recent case where this Court found that Qdoba Restaurant Corporation adequately showed cause to support jurisdiction based, in part, on expected attorneys' fees in an EPOA class action. *Id.* at Ex. F.

37. <u>Service Award.</u> In a recent EPOA class action which included Plaintiff's counsel, Plaintiff sought a $20,000 class representative service award. *Id.* at Ex. E.

38. <u>Summary.</u> Plaintiff alleges well over $75,000 in damages in the aggregate, taking into account statutory damages ($5,000), attorneys' fees to Plaintiff (>$75,000), and a service award to Plaintiff ($5,000 - $20,000).

### IV.  ACTION REMOVABLE

39. Removal under 28 U.S.C. § 1441 is proper because this Court would have had original jurisdiction over Plaintiff's claims had Plaintiff initially filed the action in federal court.

40. Les Schwab is removing this action to the Seattle Division of this Court because Plaintiff alleges that his claims arose in King County. Complaint at ¶6. The Seattle Division of this

NOTICE OF REMOVAL – 8
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

Court "embrac[es] the place where [the state court] action is pending," and is, therefore, the appropriate court for removal. 28 U.S.C. § 1441(a).

41. Les Schwab filed this Notice of Removal with the Court within thirty days after receipt by Les Schwab of the Complaint, in accordance with 28 U.S.C. § 1446(b).

42. Les Schwab will promptly give written notice of the filing to Plaintiff and will promptly file a copy of the Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## V. PLEADINGS FILED

43. Les Schwab attached copies of all process, pleadings, and orders from the State Court Action to the Eberhardt Declaration filed with this Notice of Removal.

Dated: March 28, 2024

By: s/ *Charles N. Eberhardt*
Charles N. Eberhardt, WSBA #18019

s/ *Emily A. Bushaw*
Emily A. Bushaw, WSBA #41693

s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
EBushaw@perkinscoie.com
KyleNelson@perkinscoie.com

*Attorneys for Defendant*

NOTICE OF REMOVAL – 9
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1

# CERTIFICATE OF SERVICE / SERVICE LIST

On March 28, 2024, I caused to be served upon the below-named counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the foregoing document.

**Attorneys for Plaintiff Jeffrey Hill**

| | |
|---|---|
| Timothy W. Emery, WSBA No. 34078<br>Patrick B. Reddy, WSBA No. 34092<br>Paul Cipriani, WSBA No. 59991<br>**Emery Reddy, PLLC**<br>600 Stewart Street, Suite 1100<br>Seattle, WA 98101<br>Phone: 206.442.9106<br>Fax: 206.441.9711<br>Email: emeryt@emeryreddy.com<br>Email: reddyp@emeryreddy.com<br>Email: paul@emeryreddy.com | ☐ Via hand delivery<br>☐ Via U.S. Mail, 1st Class, Postage Prepaid<br>☐ Via Overnight Delivery<br>☑ Via Email<br>☑ Via CM/ECF |

**Attorneys for Defendant Les Schwab**

Charles N. Eberhardt, WSBA #18019
Emily A. Bushaw, WSBA # 41693
Kyle D. Nelson, WSBA # 49981
**Perkins Coie LLP**
1201 3rd Avenue, STE 4900
Seattle, WA 98101
Phone: 206.359.8000
Fax: 206.359.9000
Email: CEberhardt@perkinscoie.com
Email: EBushaw@perkinscoie.com
Email: KyleNelson@perkinscoie.com

**I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.**

EXECUTED at Seattle, Washington, on March 28, 2024.

s/ *Kyle D. Nelson*
Kyle D. Nelson, WSBA #49981

CERTIFICATE OF SERVICE
(No. 2:24-CV-00425)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: +1.206.359.8000
Fax: +1.206.359.9000

144089.0007\166107865.1