The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY HILL,<br><br>    Plaintiff,<br><br>v.<br><br>LES SCHWAB TIRE CENTERS OF WASHINGTON LLC,<br><br>    Defendant. | NO. 24-cv-425-BJR<br><br>**ORDER GRANTING STAY** |

## I.     INTRODUCTION

Plaintiff, Jeffrey Hill, originally filed this case in King County Superior Court alleging that Defendant, Les Schwab Tire Centers of Washington, LLC ("Les Schwab") had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position. Les Schwab removed the case to this Court on the basis of diversity jurisdiction and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, ECF No. 1. Now pending before the Court is Defendant's Motion to Dismiss, ECF No. 17, Plaintiff's motion to remand this case, ECF No. 20, and Defendants' motion to stay, ECF No. 37. Having reviewed the

ORDER GRANTING STAY

- 1

materials[1] and the relevant legal authorities, the Court will grant Defendant's motion and stay this case pending a decision by the Washington Supreme Court on the definition of the term "job applicant" under the EPOA. The reasoning for the Court's decision follows.

## II.    BACKGROUND

On January 7, 2024, Jeffrey Hill applied for a job opening with Les Schwab in North Bend, King County, Washington. Compl. ¶¶ 8, 15-16; Ex.1, ECF No. 4-1. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶¶ 15-16; Ex.1. He further alleges that he "applied to work for Defendant in good faith with the intent of gaining employment, so long as the wage scale or salary range, which remains unknown, meets his and his family's needs." *Id.* ¶ 16. Mr. Hill claims to represent more than 40 potential class members who also applied for jobs with Les Schwab for positions that did not disclose the wage scale or salary range. *Id.* ¶ 14. Other than his allegation of applying in good faith, Mr. Hill's complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants.

Les Schwab filed a motion to dismiss on the basis that Mr. Hill is a professional plaintiff who lacks statutory standing under the EPOA and failed to plausibly allege an EPOA claim. Mr. Hill then filed a motion to remand the case back to state court on the basis that this Court lacks federal jurisdiction under CAFA and asserting that he lacks standing to proceed in federal court. Both motions are fully briefed. On August 20, 2024, the Honorable Judge Chun certified a question

---

[1] Including Plaintiff's remand motion, ECF No. 17; response in opposition, ECF No. 31; and reply, ECF No. 34. The Court also reviewed Defendant's dismissal motion, ECF No. 17, response in opposition, ECF No. 30, and reply, ECF No. 35. Defendant filed the motion to stay this case pending a decision on Judge Chun's certified question to the Washington Supreme Court in a similar case. *See* ECF No. 37, to which Plaintiff has filed an opposition, ECF No. 39, and Defendant has replied, ECF No. 41.

ORDER GRANTING STAY

- 2

1   in a similar case to the Washington Supreme Court, asking it to interpret the term "job applicant"
2   as used in the EPOA statute. *See* Nelson Decl. Ex. A, ECF No. 44 (referring to *Branson v.*
3   *Washington Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D.
4   Wash. Aug. 20, 2024), *certified question accepted*, 103394-0, 2024 WL 4471756 (Wash. Oct. 11,
5   2024)). On October 11, 2024, the Supreme Court of Washington issued an Order accepting the
6   federal certified question for consideration. *See* ECF No. 43-1. Les Schwab filed the pending
7   motion to stay the case pending the answer to the certified question, but Mr. Hill agrees only to a
8   partial stay, asking the Court to first rule on his motion to remand.

### III.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 428 (1936). The inherent power to stay includes granting a stay of the case "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

"When considering a motion to stay, the court weighs a series of competing interests: (1) the possible damage that may result from the granting of the stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplification or complication of issues, proof, and questions of law that could be expected to result from a stay." *Fed. Ins. Co. v. Holmes Weddle & Barcott PC*, No. C13-0926, 2014 WL 358419, at *3 (W.D. Wash. Jan. 31, 2014) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). A stay is appropriate when it will serve the interests of judicial economy by allowing for development of factual and legal issues, and when weighing of the hardships favors the granting of a stay. *See, e.g.*, *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

ORDER GRANTING STAY
- 3

## IV.  DISCUSSION

Mr. Hill argues that the Court should first rule on his remand motion because the question certified before the Washington Supreme Court relates to statutory liability and not this Court's subject-matter jurisdiction. Opp'n 1-2, ECF No. 39. Mr. Hill argues that this Court lacks subject matter jurisdiction over this action based on lack of diversity and removal jurisdiction under CAFA. *Id.* at 2. Mr. Hill also argues that he lacks Article III standing, similar to plaintiffs in other EPOA cases that this Court has remanded due to lack of standing. *Id.* at 4-6.[2] In those similar cases, this Court found that the plaintiffs failed to allege an injury-in-fact, required for Article III standing, because they did not allege that they had applied in good faith with the intent of gaining employment. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *5-8 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *6-9 (W.D. Wash. May 10, 2024). The Court concluded that plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and as such, became personally exposed to the risk of harm caused by the statutory violation. *Id.*

Mr. Hill's complaint differs in at least one respect from the other complaints this Court has dismissed: Mr. Hill alleges that he applied for the job "in good faith with the intent of gaining employment, so long as the wage scale or salary range, which remains unknown, meets his and his family's needs." Compl. ¶ 16. Like the other complaints, he adds that he lost valuable time applying for jobs and suffered economic and non-economic harm as a result of the inability to evaluate the pay and benefits. *Id.* ¶¶ 17-19. As Les Schwab notes, Mr. Hill's complaint is virtually identical to the *Branson* complaint, which also included the "good faith" allegation, and was distinguished from

---

[2] Defendant has not argued that Mr. Hill lacks Article III standing.  *See* Remand Opp'n 2-3, ECF No. 31 ("Les Schwab acknowledges that Hill's allegations . . . allege the bare minimum to show Article III standing.").

ORDER GRANTING STAY

- 4

the complaints that were dismissed for lack of standing. Stay Reply 2-3, ECF No. 41 (citing *Branson*, W.D.Wa. Case No. 2:24-cv-00589-JHC).[3] The defendant in *Branson* then moved to bifurcate discovery to have an initial phase that focused on whether plaintiffs are *bona fide* applicants, and Judge Chun ultimately certified a question to the Supreme Court of Washington regarding the interpretation of a key term, i.e., "job applicant." 2024 WL 4510680, at *1. The *Branson* case is stayed pending the Washington Supreme Court's decision on the certified question. *Id.* at *2.

The Court agrees with Les Schwab that this case should also be stayed pending the Washington Supreme Court's decision. The definition of "job applicant" in the EPOA will provide clarity to the meaning and intent of the statute, which informs this Court's interpretation of the procedural violation and who is harmed thereby for purposes of analyzing Article III standing. Further the weighing of hardships favors a stay. Mr. Hill is not prejudiced by the delay in ruling on his remand motion, because denying remand would still result in a stay as agreed by the parties, and granting remand would likely also result in a stay of the case moving forward in state court pending the Washington Supreme Court's decision. On the other hand, ruling on Mr. Hill's remand motion, which is focused solely on Defendant's removal under CAFA,[4] is premature as Les Schwab has requested jurisdictional discovery on Mr. Hill's challenge.

Accordingly, the Court shall stay this case and defer ruling on Plaintiff's motion to remand and Defendant's motion to dismiss pending the Washington Supreme Court's opinion on the certified question.

---

[3] The *Branson* court summarily denied plaintiff's motion to remand. *See* Order denying remand, ECF No. 25 in *Branson*, W.D.Wa. Case No. 2:24-cv-00589-JHC.
[4] *See* Mot. Remand 1, ECF No. 20.

ORDER GRANTING STAY

- 5

## V.   CONCLUSION

For the foregoing reasons,

1. Defendant's Motion to Stay, ECF No. 37, is GRANTED.

2. The parties shall file a joint status report no later than fourteen (14) days after the Washington Supreme Court issues a final decision in the certified question in the *Branson* case.

DATED this 30th day of October 2024.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER GRANTING STAY

- 6